UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANNER CORTEZ AVALOS,

Petitioner,

v.

CAUSE NO. 3:26cv292 DRL-SJF

SAM OLSON, Field Office Director of
Enforcement and Removal Operations,
Chicago Field Office, Immigration and
Customs Enforcement *et al.*,

Respondents.

OPINION AND ORDER

Immigration detainee Anner Cortez Avalos, by counsel, filed a petition for a writ of

habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the

laws or Constitution of the United States.

Mr. Cortez Avalos is a citizen of Guatemala who entered the United States without

admission, inspection, or parole at an unknown time. He alleges he has resided in the United

States since at least 2005. In February 2025, he was arrested by United States Immigration

and Customs Enforcement (ICE) agents and served with a notice to appear charging him as

removable under INA § 212(a)(6)(A)(i) as an alien present in the United States without being

admitted or paroled.[1] On February 19, 2025, an ICE officer made a custody determination

---

[1] Immigration records indicate that Mr. Cortez Avalos was arrested pursuant to an arrest warrant
[8-2]. Because he does not dispute that he was so arrested, the court accepts this as true.

that Mr. Cortez Avalos should remain in custody throughout his removal proceedings rather than be released on bond.

In April 2025, Mr. Cortez Avalos sought a custody redetermination before an immigration judge under 8 C.F.R. § 1236. The immigration judge held a custody redetermination hearing and denied relief, concluding Mr. Cortez Avalos should remain in custody because he had failed to show he was not a danger to the community. It is unclear whether Mr. Cortez Avalos appealed this decision to the Board of Immigration Appeals (BIA). On April 28, 2025, an immigration judge ordered Mr. Cortez Avalos removed to Guatemala. He timely appealed that decision, and the BIA sustained the appeal, remanding to the immigration judge to allow Mr. Cortez Avalos to pursue applications for relief from removal. Those proceedings are ongoing.

On March 5, 2026, Mr. Cortez Avalos filed this habeas petition, arguing the government will not release him on bond because it has wrongfully concluded his detention is authorized by 8 U.S.C. § 1225(b)(2). He argues § 1225(b)(2) applies to people arriving at ports of entry, whereas he was arrested within the interior of the country. He seeks an order requiring that he be released from custody or provided with a prompt custody redetermination hearing.

In an order to show cause, the court directed the respondents to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v.*

*English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The respondent—really just his current custodian by law because the others are named unnecessarily—was instructed to address why this case differs from *Aguilar*, why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently.

As a preliminary matter, Mr. Cortez Avalos was ordered to show cause why every respondent but the Miami Correctional Facility Warden—the only respondent who exercises "day-to-day control" over him—should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021). Mr. Cortez Avalos asks that the court maintain all respondents as parties because, unlike the petitioner in *Kholyavskiy*, he is seeking the alternative relief of a bond hearing, and only the Department of Justice and Department of Homeland Security can comply with an order requesting a bond hearing.

Mr. Cortez Avalos does not provide any legal authority to support his request to keep all respondents, and he does not adequately distinguish the immediate-custodian rule in

3

*Kholyavskiy*, which is controlling. The weight of other authority is also against him. *See Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024) (concluding that for core habeas petition challenging present physical confinement filed by immigration detainee, proper respondent was immediate custodian over facility, not Field Director of Immigration and Customs Enforcement); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021) (applying immediate custodian rule from *Padilla* to habeas petition challenging immigration detention); *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("Accordingly, we hold that an alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."). One circuit has held that the ICE Field Director exercising control over the noncitizen is the appropriate respondent. *See Roman v. Ashcroft*, 340 F.3d 314, 320 (6th Cir. 2003) ("We conclude that although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners."). But the Seventh Circuit explicitly rejected *Roman* in *Kholyavskiy*, and *Roman* was decided before *Padilla*. *See Kholyavskiy*, 443 F.3d at 950.

Therefore, the court finds that *Kholyavskiy* is controlling, and the proper respondent is the Warden of Miami Correctional Facility. The Warden may lack the ability to hold a bond hearing, but he has the power to release Mr. Cortez Avalos. If the court were to order a bond hearing and immigration officials were to fail to schedule and hold a hearing, then release would be appropriate—a remedy the Warden may carry out. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 137 (2020) ("[R]elease is the habeas remedy though not

4

the 'exclusive' result of every writ, given that it is often 'appropriate' to allow the executive to cure defects in a detention.") (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008)); *Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005) (Scalia, J., concurring) ("Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release."). Immigration officials have discretion how to schedule and hold a bond hearing, and the court need not cabin that discretion or otherwise direct the immigration officials how to proceed. But if immigration officials were to fail to hold a bond hearing, the consequence would be the petitioner's release. Accordingly, the court will dismiss every respondent other than the Warden of Miami Correctional Facility. For the sake of clarity, the court refers to the responding party as "the Warden" from this point forward.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Perez Bueno's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*,

161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decisions from the Fifth Circuit and Eighth Circuit. These opinions, together with others, illustrate just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

The respondent alternatively argues that if Mr. Cortez Avalos should be categorized under 8 U.S.C. § 1226(a)—the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018)—he already received all the process he is due. "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course), though the Supreme Court has observed that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

The Attorney General has delegated her discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R.

§§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Both noncitizens and the government alike must comply with our immigration laws as they are written and as they must work within the demands of constitutional due process. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. Cortez Avalos gives no reason to believe this process is insufficient, so the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long

as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The record shows that Mr. Cortez Avalos was arrested pursuant to a warrant [8-2], which accords with § 1226(a). He was given a custody determination by an ICE officer and a custody redetermination hearing before an immigration judge. The immigration judge considered his request for custody redetermination on the merits before deciding he should remain in custody because he had failed to show he was not a danger to the community. Mr. Cortez Avalos had the option to appeal that decision to the BIA, but it is unclear if he did so. That was his remedy. Insofar as this record reveals, the government followed § 1226(a) in this case. *See Accardi*, 347 U.S. at 268. Without a showing of unlawful detention, the court must deny federal habeas relief.

For these reasons, the court:

(1) DIRECTS the clerk to update the docket to reflect that Acting United States Attorney General Todd Blanche is substituted for former United States Attorney General Pamela Bondi and Secretary of the United States Department of Homeland Security Markwayne Mullin is substituted for former Secretary of the United States Department of Homeland Security Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d);

(2) DISMISSES Acting United States Attorney General Todd Blanche, Secretary of the United States Department of Homeland Security Markwayne Mullin, and Interim Director of United States Immigration and Customs Enforcement Chicago Field Office Sam Olson as respondents; and

(3) DENIES the petition [1] and DIRECTS the clerk to enter final judgment and to close this case.

SO ORDERED.

April 15, 2026                                   *s/ Damon R. Leichty*
                                                  Judge, United States District Court